**RAPPORT v. C. C. WHITTEMORE CATERERS, Inc.**

Civil Action No. 6676.

District Court, D. Massachusetts.

June 26, 1947.

Harry Sesnovich and Albert S. Resnick, both of Boston, Mass., for plaintiff.

Mintz, Levin & Cohn and Edward L. Schwartz, all of Boston, Mass., for defendant.

HEALEY, District Judge.

This matter came on for hearing upon the defendant's objections to certain interrogatories filed by the plaintiff.

Plaintiff brought this action pursuant to Section 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., to recover from the defendant unpaid overtime compensation.

The defendant is a corporation having a usual place of business at 122 Norway Street, Boston, Massachusetts.

It is alleged in paragraph 4 of the complaint that during the period covered therein: "the defendant engaged in business as an industrial caterer and as such manu-

facturered, processed and served food and food products at industrial establishments; to wit, Bethlehem-Hingham Shipyard at Hingham, Mass., and at other establishments presently unknown to the plaintiff. That said Bethlehem-Hingham Shipyard was engaged in the manufacture of products for interstate commerce. That the defendant * * * manufactured, processed, and sold its products in interstate commerce from its premises which it occupied at Bethlehem-Hingham Shipyard."

It is alleged in paragraph 5 of the complaint that: "From about June 1, 1943 to about August 31, 1945 defendant employed the plaintiff as worker in its commissary; that the plaintiff operated the doughnut machine; prepared food; packed; checked; made coffee; did errands and performed various other miscellaneous duties as he was directed to perform that such duties of the plaintiff were essential to the production of goods for interstate commerce."

By its answer, the defendant admits that it served food at the Bethlehem-Hingham Shipyard at Hingham, Mass., and that the plaintiff was employed by it. It denies, however, all the other allegations of paragraphs 4 and 5, as well as the other allegations of the complaint.

The defendant objects to the interrogatories numbered 7, 8, 9, and 13 through 22 on the grounds that (1) they are incompetent, irrelevant and immaterial, (2) they go beyond the scope of proper interrogatories, (3) they require a degree of detail, making it impossible for the defendant to answer, and (4) place an undue, unjust and unnecessary burden on the defendant.

■ In cases involving the Fair Labor Standards Act, "it is not important whether the employer, * * * is engaged in interstate commerce. It is the work of the employee which is decisive." McLeod v. Threlkeld, 319 U.S. 491, 497, 63 S.Ct. 1248, 1252, 87 L.Ed. 1538. Thus, it appears that interrogatory number 7 is too broad in that it includes all services rendered and all commodities sold by the defendant without regard to whether or not the plaintiff was engaged in rendering those services or in processing the goods sold.

Number 8 should be answered only insofar as it applies to the period covered by the complaint.

Numbers 9, 13 and 14 should be answered.

Numbers 15, 16, 17 and 18 should be limited to goods prepared or processed at Bethlehem-Hingham Shipyard, and as so limited should be answered.

Numbers 19 and 20 are too broad in scope and defendant should not be required to answer them.

Number 21 should be answered.

Number 22 should be answered insofar as defendant has the knowledge required to answer.